(No. 14163.—Decree affirmed.)
GEORGE W. THRELKELD et al. Plaintiffs in Error, vs.
W. H. NORRIS, Defendant in Error.

*Opinion filed December 22, 1921.*

1. SPECIFIC PERFORMANCE—*holder of title to property to be conveyed must be made a party.* Where the vendor in a contract to convey has sold the premises to a third party, who is not made a party to a suit against the vendor for specific performance, the court will not perform the useless act of entering a decree which it could not enforce against the defendant.

2. SAME—*when third party to whom vendor has sold property may be compelled to perform vendor's contract.* Where a contract has been entered into for a conveyance of land and the vendor sells the premises to a third party who has knowledge of the contract, the vendee may compel the grantee to perform the vendor's contract, and the suit for specific performance should be against the grantee and not against the vendor.

3. SAME—*when vendor can be sued only in an action at law.* Where the vendor in a contract for the conveyance of land has sold to a third party, and the vendee, at the time of bringing his suit against the vendor for specific performance, has knowledge of the vendor's incapacity to perform, equity will not retain jurisdiction of the bill in order to assess damages but will leave the complainant to his action at law.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. CHARLES H. MILLER, Judge, presiding.

FRANK F. NOLEMAN, JUNE C. SMITH, and ANDREW J. DALLSTREAM, for plaintiffs in error.

WALTER W. WILLIAMS, THURLOW G. LEWIS, GEORGE C. COFFEY, ROBERT M. FARTHING, G. GALE GILBERT, and HART & HART, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On April 1, 1918, W. H. Norris, the defendant in error, executed and delivered to the plaintiffs in error an option contract for the purchase of all the coal, oil and gas

underlying a certain tract of land in Jefferson county containing 127 acres, within six months from the date of the contract, at the price of $25 an acre. The contract was similar to that involved in the case of *Threlkeld* v. *Inglett,* 289 Ill. 90. On August 4, 1919, the plaintiffs in error filed a bill against the defendant in error alleging that while the option was in force they had notified him of their election to exercise the option and take and pay for the coal, oil and gas upon the terms mentioned; that the defendant in error, having received the notice of acceptance, treated the option as a valid contract and conveyed to the plaintiffs in error 38 acres of the 127 acres, but because of a defect in the title to the remainder of the tract it was not then conveyed, and proceedings were instituted to quiet the title to it so as to enable the defendant in error to comply with his contract; that the defendant in error has refused to comply with his contract and convey to the plaintiffs in error the coal, oil and gas underlying the remainder of the tract; that the plaintiffs in error on June 27, 1919, served a notice in writing on the defendant in error notifying him that they waived the provisions in the option requiring that the deed should contain provisions used to convey similar property in Franklin and Jefferson counties and also provisions satisfactory to the purchaser, and that they would accept a statutory warranty deed conveying the coal, oil and gas, together with the right to mine and remove it; that the complainants have been at all times, and now are, ready to comply with the contract on their part, but the defendant in error refused to execute the deed and convey the property. The prayer of the bill was that the defendant in error should be decreed to specifically perform his contract and execute a deed of conveyance to the plaintiffs in error. The defendant in error answered, denying any offer by the plaintiffs in error to accept the statutory form of warranty deed or to waive the special provisions mentioned in the option contract, and averring that subsequent to the sign-

ing of the option, and before the giving by the plaintiffs
in error of any notice of acceptance thereof, the defendant
in error notified them that the offer had been withdrawn.
The answer further alleged, among other things, that after
the signing of the option, and before the service of the sup-
posed notice on him, he had sold and conveyed the prem-
ises to D. M. Parkhill, as the plaintiffs in error well knew.
After a hearing the court entered a decree dismissing the
bill for want of equity, and the complainants have sued out
a writ of error.

It appears from the answer and the evidence that the
defendant in error, at the time the suit was brought, had
no title to the coal, oil and gas which are in controversy
in this case, having conveyed them to D. M. Parkhill, and
that the plaintiffs in error knew of the conveyance before
they began their suit but failed to make the grantee a party
to the bill. There can be no decree of specific performance
in the absence of the holder of the title to the property to
be conveyed. The court will not perform the useless act
of entering a decree that the defendant convey which would
be incapable of enforcement. Where an owner of land who
has sold it conveys it to a third person having knowledge
of the contract of sale, the grantee can be compelled by the
vendee to perform the contract specifically to the same ex-
tent as the original vendor, if he had not transferred the
title, (*Forthman* v. *Deters*, 206 Ill. 159,) but no decree for
the conveyance of the title can be made in the absence of
the holder of the title. When the plaintiffs in error learned
of the conveyance to Parkhill, if they desired to proceed
to obtain the title to the land it was necessary for them to
proceed against Parkhill. If they desired to proceed against
the defendant in error their only remedy against him was
an action at law for damages. When they began suit
against him they knew that it was impossible for him to
convey the title to them and that they could not recover
any decree for that purpose. Since the only claim they had

300—15

against him was a legal claim for damages, equity would not retain jurisdiction of their bill for specific performance to assess the damages which might be recovered in an action at law. Where a vendor's incapacity to perform is known to the vendee at the time of bringing suit for specific performance, the bill will not be retained for the assessment of damages but will be dismissed, leaving the complainant to his action at law for damages. *Doan, King & Co. v. Mauzey,* 33 Ill. 227; *Saur v. Ferris,* 145 id. 115; *Mack v. McIntosh,* 181 id. 633; *Kennedy v. Hazelton,* 128 U. S. 667.

In the absence of the holder of the title no other decree could have been rendered than that which was rendered dismissing the bill, and it is affirmed.

*Decree affirmed.*