BREWER-TITCHENER CORPORATION v. AMERICAN FORGING & SOCK-
ET CO.

(District Court, E. D. Michigan, S. D.  June 16, 1924.)

No. 435.

1. Patents ⬅102—Application signed by inventor and verified by oath of in-
ventor prerequisites to issuance of valid patent.

The provision of Rev. St. § 4888 (Comp. St. § 9432), that an application
for a patent "shall be signed by the inventor," and of section 4892 (Comp.
St. § 9436), that "the applicant shall make oath that he does verily be-
lieve himself to be the original and first inventor," are mandatory, and
compliance with them is a requisite condition precedent to issuance of
a valid patent.

2. Patents ⬅102—Patent issued on application signed with firm name invalid.

A patent issued on an application signed with the name of a partner-
ship, and the verification to which was also so signed, *held* void.

In Equity.  Suit by the Brewer-Titchener Corporation against the
American Forging & Socket Company.  On motion by defendant to
dismiss bill.  Granted.

Whittemore, Hulbert, Whittemore & Belknap, of Detroit, Mich., for
plaintiff.

Barthel, Flanders & Barthel, of Detroit, Mich., for defendant.

TUTTLE, District Judge.  This is a motion to dismiss the bill of
complaint in a suit brought for an injunction and accounting under a
patent alleged by plaintiff to be owned by it and to have been infringed
by defendant, on the grounds that the record shows on its face that
such patent was illegally issued and is void, and that plaintiff (as a
result of such invalidity) does not hold valid title thereto.

The material facts are set forth by plaintiff in a so-called "further
and better statement of facts" filed in the cause as follows:

"At some time prior to April 16, 1905, a firm was organized in Gera, Reuss,
Germany, the members of which were Karl Traugott Golde, the father, and
Ernst Alfred Golde and Richard Emil Golde, his sons, which said firm adopt-
ed as its firm name 'Traugott Golde,' under which firm name their business
was conducted and continued to be conducted under the said firm name until
after the issue of the patent in suit. Karl Traugott Golde died on or about
April 16, 1905. On January 4, 1911, Ernst Alfred Golde, caused to be pre-
pared the application for United States letters patent No. 1,034,899, the pat-
ent in suit. Thereupon said Ernst Alfred Golde signed to said application
the name 'Traugott Golde' and made oath thereto as appears upon said appli-
cation (photostatic copies of said petition and oath are attached to a paper
entitled 'Answer to Defendant's Interrogatories' filed in the suit May 1, 1922).
'Traugott Golde' was not the name of said Ernst Alfred Golde, who signed said ap-
plication by signing the name 'Traugott Golde.' Ernst Alfred Golde was the
inventor of the invention described and claimed in said letters patent."

The photostatic copy of the oath just referred to shows that it pur-
ports to have been made and signed by "Traugott Golde," who therein
states that "he" believes "himself" to be the inventor of the device
for which a patent is thereby sought; the pronouns "he," "his," and
"him" being the only pronouns used therein.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is urged by defendant that the patent is thus shown to be invalid and void (and that therefore plaintiff has obtained no legal title thereto), because the application, containing the specification and claims therefor, was not signed by the inventor, as required by section 4888 of the United States Revised Statutes, providing, among other things, that the specification and claim "shall be signed by the inventor."

Plaintiff has filed a motion asking that "the two defenses, namely, whether or not the patent alleged to have been infringed by said defendant does in fact legally exist, and whether or not plaintiff has title to said patent, if it does in fact legally exist, be determined by this court prior to the hearing of the case on its entire merits." Whether, therefore, the defendant would be entitled, as a matter of strict right, to attack in the present suit the validity of this patent on the ground claimed, is a question not presented for consideration.

[1, 2] It is plain enough that neither the application nor the statutory oath in support thereof was "signed by the inventor" in any true sense, or within the meaning of the applicable statute. The obvious meaning of the quoted language is that the application shall bear the signature of the inventor. This seems to me too clear to require or warrant serious discussion.

Nor, in my opinion, can it be properly said that the failure to comply with this provision of the statute is a mere irregularity, not invalidating the patent. In prescribing this mandatory requirement and condition to be followed by any one seeking the extraordinary privilege conferred by the government only upon a true and actual inventor, Congress undoubtedly had in mind and recognized the importance of having a definite, positive, reliable record of the name and identity of every person claiming the status and rights of inventorship. The purpose and concern of Congress in this connection are indicated and emphasized by the explicit provision in section 4888 of the Revised Statutes (Comp. St. § 9432) that, "before any inventor or discoverer shall receive a patent for his invention or discovery, he shall make application therefor, in writing," in the manner prescribed in said section, which application "shall be signed by the inventor," as already pointed out, "and attested by two witnesses," and by the provision of section 4892 (section 9436) that "the applicant shall make oath that he does verily believe himself to be the original and first inventor or discoverer of the art, machine, manufacture, composition, or improvement for which he solicits a patent." Compliance with these requirements is a requisite condition precedent to acquisition of a valid patent, and as they were not observed in connection with the application for the patent in suit, such patent was illegally issued and is void. Eagleton Manufacturing Co. v. West, Bradley & Cary Manufacturing Co., 111 U. S. 490, 4 Sup. Ct. 593, 28 L. Ed. 493; Kennedy v. Hazelton, 128 U. S. 667, 9 Sup. Ct. 202, 32 L. Ed. 576.

The motion to dismiss the bill should be granted, and an order to that effect will be entered.