ZACHS v. ARONSON et al.

Civil Action No. 884.

District Court, D. Connecticut.

Feb. 2, 1943.

Julius B. Kuriansky, of Stamford, Conn., for plaintiff.

George H. Cohen and Isaac J. Kunik, both of Hartford, Conn., for defendants.

HINCKS, District Judge.

The complaint herein shows that the plaintiff here was the defendant in an ac-

tion brought against her in the Superior Court of the State by the defendants herein. The State Court action has gone to judgment which has been affirmed by the Supreme Court of Errors on appeal. In the State Court action it was held that the plaintiff here violated a position of trust with the defendants herein by procuring, through the use of information belonging to the defendants, a patent in her own name (U. S. Patent No. 2,095,943) and by selling articles covered by said patent for her personal profit. The judgment of the State Court contained a decree (1) requiring the plaintiff (the defendant there) to assign title to said patent to the defendants, (2) enjoining the plaintiff from selling articles marked with the Patent number, and (3) ordering her to account for profits theretofore derived from the sales of articles so marked.

Against this background the plaintiff brings this suit for a declaratory judgment under 28 U.S.C.A. § 400, seeking an adjudication as to the validity of the patent. And by way of incidental relief she seeks an injunction against the accounting proceedings in the State Court apparently on the theory that a decree of this court invalidating the patent may thus be available to her as a defense in the accounting proceedings in the State Court.

 I must hold, however, that the case is not a proper one for a declaratory judgment. For if indeed there is a justiciable controversy in the case, the plaintiff lacks sufficient interest in the controversy to support the action. For the complaint alleges neither that plaintiff has infringed or proposes to infringe the defendants' right to the patent which has been adjudicated by the State Court. To be sure, the complaint alleges that if the patent is invalid "the public is entitled to its use without accounting therefor". But merely by virtue of membership in the general public the plaintiff is not entitled to launch a complicated suit to declare the validity of a patent. Borchard on Declaratory Judgments, 2nd Ed., Page 48, et seq., 807.

 The complaint also alleges "that the plaintiff is not accountable to the defendants for any profit she may have derived from the sale of said articles." But this loose allegation is by no means tantamount to an allegation that the plaintiff has infringed the patent. And even if so construed, the complaint does not allege that the defendants herein have any thought of prosecuting the plaintiff for past patent infringements. Instead, the complaint—at least when supplemented by the record of the proceedings in the State Court which the parties have agreed I may take into consideration—makes it plain that the accounting ordered in the State Court judgment against the plaintiff was predicated not upon an infringement of patent rights but rather upon the breach of a confidential relationship. Accountings, of course, may be appropriate in actions other than for patent infringement. In this connection it will be noted that Paragraphs 19 and 20 of the complaint in the State Court and Paragraphs 95 to 98 of its finding certainly tend to support relief appropriate for a case of unfair competition.

Nor may the outstanding decree against the plaintiff restraining her from manufacturing or selling the devices marked by the patent number be treated as tantamount to a threat by the defendants under claim of a patent monopoly to exclude the plaintiff from commercial traffic in the device covered by the patent. The plaintiff has apparently failed to perceive the careful limitation upon the scope of the defendants' decree on this feature. The decree does not purport to restrain dealings by the plaintiff in the patented device: it enjoins the plaintiff only from dealings in devices "bearing the imprint or stamp thereon of Patent No. 2,095,943". Thus the State Court clearly recognized its lack of jurisdiction (28 U.S.C.A. § 371) to enforce the defendants' patent monopoly. Having found that title to the patent was in the defendants, it carefully limited its injunction to provisions considered appropriate to restrain the plaintiff from acts of unfair competition or some other tort arising out of the breach of a relationship originally confidential.

 Since, therefore, the State Court proceedings including the decree therein scrupulously abstain from extrajurisdictional attempt to enforce the defendants' right under any patent, it is impossible to construe them as a threat by the defendants to prosecute the plaintiff for patent infringement if she deals in devices which though covered by Patent No. 2,095,943 are not so marked as to confuse the public and injure the defendants. The case here, accordingly, is not ripe for a declaratory judgment. Treemond Co. v. Schering Corp., 3 Cir., 122 F.2d 702; Grip Nut Co. v. Sharp, 7 Cir., 124 F.2d 814; Caterpillar

Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769; Thermo-Plastics Corp. .v. International Corp., D.C., 42 F. Supp. 408. If such action, or threat of action, shall come in the future it will be time enough then for the plaintiff to raise the contention, if she wishes, that the patent is invalid because applied for by one not the inventor.

One or two further points cropped up on argument which perhaps deserve some mention. The plaintiff pointed to the case of Kennedy v. Hazleton, 128 U.S. 667, 9 S. Ct. 202, 32 L.Ed. 576, as containing doctrine in conflict with that adopted and enforced by the Connecticut Court. The Supreme Court in that case held that a court of equity would not enforce the conveyance of a patent against a defendant having legal title thereto where it appeared that the title was void because applied for by one who was not the true inventor. In this case it appears that the Superior Court expressly found that the plaintiff here was not the true inventor, and notwithstanding ordered the conveyance. But I construe the opinion of the Supreme Court of the State to eliminate the finding that the plaintiff was not the true inventor; it felt that that finding was not essential to the decree. Thus a direct conflict with the Kennedy case is not involved.

But even if the claimed conflict existed, the extent to which equity will go to accomplish a transfer of the bare muniments of title is a question of local law. And if the question were now open in this court, I should be constrained to follow the law which the Connecticut Court has announced in this case. West v. American T. & T. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139. And this same observation is equally applicable to the contention that the relief granted by the State Court exceeded that appropriate to the facts of the case. On this point, too, this court can only take the position that whatever the State Court said, within the limits of its jurisdiction, is the law which this court must apply.

In point of fact, however, there is no present need for this court to choose between these two conflicting doctrines. For the State Court has made its judgment which is binding on this court as well as the parties: the same issues may be relitigated, as against the parties thereto, neither here nor elsewhere.

Since the plaintiff has no standing to seek a declaratory judgment, its claim for incidental injunctive relief must also fall.

It is accordingly ordered that the defendants' motion must be granted, and a decree accordingly with costs to the defendants may be submitted.