ARALAC, Inc., v. HAT CORPORATION OF AMERICA.

No. 532.

District Court, D. Delaware.

March 4, 1946.

Worthington Campbell and Mark N. Donohue (of Hoguet, Neary & Campbell), of New York City, and William S. Potter (of Southerland, Berl & Potter), of Wilmington, Del., for plaintiff.

Drury W. Cooper and Bertram F. Shipman, both of New York City, and Caleb S. Layton (of Richards, Layton & Finger), of Wilmington, Del., for defendant.

LEAHY, District Judge.

■ For the purposes of the motion to dismiss, the allegations of the complaint will be accepted.[1] Hat manufacturers buy plaintiff's fibres for use in making fur felt hats. Statements attributable to defendant are that it has asserted to plaintiff's customers that defendant's patents encompass the use of casein fibres in such manufacture. For example, a certain letter charged one of plaintiff's largest customers—John B. Stetson Company—with infringement by its use of casein fibres. Stetson then brought suit for declaratory judgment relief with respect to the same patents now in suit. Later Stetson discontinued its action and entered into a license with defendant. Thereafter Stetson's purchases from plaintiff decreased. Another of plaintiff's customers wrote that rather than pay tribute to defendant it elected to cancel its order for fibres with plaintiff. As late as February, 1945, de-fendant circularized many of plaintiff's customers with a letter and a copy of a proposed license. One customer returned to plaintiff a quantity of fibres which it had previously purchased after receipt of defendant's letter. One customer stated that in view of defendant's assertion no further purchases would be made from plaintiff. Another customer advised that its use of plaintiff's casein fibres would be limited until the "patent situation is cleared up".

Defendant in support of its motion to dismiss states that as the inventions covered by its patents are not for casein fibres as such but cover a process for combining such fibres with fur fibres to make hat materials, no controversy can exist between the parties; and, in fact, it has never threatened plaintiff with infringement. Defendant argues that any charge of infringement under the patents here involved which has occurred has been against a product and a process and that plaintiff has no connection or control with either. In short, it is defendant's contention that if plaintiff's product, which is a standard article of commerce, were sold and used by one of plaintiff's customers in a process which would result (after combination with other materials) in a product which would infringe defendant's patents, nevertheless plaintiff itself could never be sued for infringement.

■ From this, it is argued that such manufacturer of an unpatented article, even though capable of being used in combination with other materials, which results in a process and a product covered by a patent, has no such legal interest in either validity or infringement, asserted by the patentee against a customer, so as to maintain an action for declaratory judgment relief.

■ Defendant's argument is not without force. The Declaratory Judgment Act created no new rights but simply gave an additional remedy for the determination of an already existing right. McCarty v. Hollis, 10 Cir., 120 F.2d 540, 542. Federal jurisdiction must exist in this case by virtue of a controversy arising under the patent laws,[2] for there is no diversity of citizenship as both plaintiff and defendant are Delaware corporations. Where a per-

[1] Latrobe Electric Steel v. Vascoloy-Ramet Corp., D.C.Del., 55 F.Supp. 347, n. 1; Isthmian S. S. Co. v. United States, D.C.Del., 33 F.Supp. 1007, 1008.

[2] Engler v. General Electric Co., D.C., 29 F.Supp. 421.

son is not engaged in possible infringing conduct and with no intention of doing so, he lacks an interest in a controversy to support an action for declaratory judgment relief to test the validity of a patent. Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68, 70; Zachs v. Aronson, D.C., 49 F.Supp. 696, 697. The two cases cited by plaintiff to support its position that it has an interest are inapposite. In Alfred Hofmann, Inc. v. Knitting Machines Corp., 3 Cir., 123 F.2d 458, and Girdler v. E. I. duPont de Nemours & Co., D.C.Del., 56 F.Supp. 871, the plaintiffs could have been sued as direct or contributory infringers—i.e., the machines sold by the plaintiff-manufacturers when used alone or in combination were charged to come within the patent claims; and notice to that effect had been given.

■ At best, plaintiff's alleged damage here would appear to be based on defendant's unfair competition in so unfairly asserting the scope of its patents that its conduct is causing plaintiff loss of sales of its product—a standard article of commerce.[3] This can hardly be said to be a suit arising out of the patent laws.[4] Where diversity of citizenship is lacking, as it admittedly is here, it would seem such a suit should be brought in the state courts, and the state law of unfair competition should apply.

[6] While it is concluded that plaintiff has no right, under the particular circumstances of the case at bar, to maintain a declaratory judgment action to test the validity of defendant's patents, it should, however, have the advantage of defendant's admissions throughout this proceeding; namely, defendant has time and time again stated that the mere sale by plaintiff of its casein fibres does not constitute an infringement of any of defendant's patents, even though such fibres are used by one of plaintiff's customers in a "process to form a new product in combination with other materials which then would infringe defendant's patents covering such new process and product." This, it appears, points up the question of where the real controversy lies—a controversy clearly exists between defendant and plaintiff's customers where such customers have used other elements covered, or said to be covered, by defendant's patents in combination with plaintiff's casein fibres. To hold otherwise would be to say that a person (who admittedly is not an infringer) who furnishes any commercial resin to a manufacturer for use in a process to make a plastic, for example, which infringes the patent of another, may bring a declaratory judgment action, even where there is no diversity, to test the validity of the patent. No such case has been discovered which extends the jurisdiction of a federal district court under the Declaratory Judgment Act.

The complaint alleges no controversy over which this court has jurisdiction.

---

[3] That plaintiff's product per se could not be within any of defendant's claims, see "Casein and Its Industrial Application" by Sutermeister & Browne (copyright 1939) pp. 215–220.

[4] Mr. Justice Holmes: "A suit for damages to business caused by a threat to sue under the patent law is not itself a suit under the patent law." American Well Works v. Layne, 241 U.S. 257, 36 S.Ct. 585, 586, 60 L.Ed. 987.

Even though a patent is collaterally involved, this does not mean that such an action arises under the patent laws. See Wade v. Lawder, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 85; Dale Tile Supply Co. v. Hyatt, 125 U.S. 46, 8 S.Ct. 756, 31 L.Ed. 683; MacGregor v. Westinghouse Electric & Mfg. Co., D.C., 45 F.Supp. 236, affirmed, 3 Cir., 130 F.2d 870.