NATIONAL COUPLING COMPANY,
Inc., Plaintiff,

v.

PRESS SEAL GASKET CORPORATION,
Defendant.

Civ. No. 1318.

United States District Court
N. D. Indiana,
Fort Wayne Division.

July 31, 1962.

Albert L. Jeffers, Fort Wayne, Ind., for plaintiff.

Robert G. Irish, Fort Wayne, Ind., Harold B. Hood, Indianapolis, Ind., for defendant.

GRANT, Chief Judge.

This is an action to secure a declaratory judgment in respect to the validity of defendant's Patent No. Re. 24,799— Gasket and Pipe End Construction for Bell and Spigot Pipe. Defendant has filed a Motion to Dismiss, or, in the alternative, for Summary Judgment, on the grounds that no justiciable controversy exists between the parties under the patent laws, and therefore, in the absence of diversity of citizenship, this Court is without jurisdiction and plaintiff's Complaint must be dismissed and/or defendant granted a summary

judgment. The parties have submitted briefs and affidavits and this Court has heard oral argument.

■ Rule 12(b) Federal Rules of Civil Procedure, provides, in its pertinent part, as follows:

"* * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56."

Since matters outside the pleading were presented, this Court was of the opinion at the hearing that a Motion to Dismiss was no longer proper, and therefore, the question of whether or not there is a justiciable controversy must be decided on defendant's alternative Motion for Summary Judgment.

Plaintiff contends that defendant has exposed itself to this action, which seeks a declaration that defendant's patent is invalid and void and not infringed or contributorily infringed by plaintiff's gaskets, because defendant has made claims to plaintiff's customers that the patent in question is infringed by those customers when they use plaintiff's gaskets in combination with a certain type of concrete pipe.

Defendant contends that it has never charged, nor would it be able to charge plaintiff either directly or indirectly with infringement or contributory infringement and therefore, there exists no justiciable controversy between plaintiff and defendant. Defendant relies on the case of Aralac, Inc. v. Hat Corporation, (D.C.Delaware 1946) 64 F.Supp. 696, affirmed 3 Cir., 166 F.2d 286, as authority for its position.

Defendant, by affidavit, says that the gaskets that plaintiff manufactures and sells are a staple article or commodity of commerce suitable for substantial noninfringing use. Defendant argues that since the gaskets are a staple article or commodity of commerce suitable for substantial noninfringing use, defendant could not base an action against plaintiff for infringement or contributory infringement. Therefore, it is further argued, that since a declaratory judgment action is the converse of a suit for patent infringement or contributory infringement, no justiciable controversy here exists.

■ This Court agrees with defendant's argument insofar as it states that one is not a contributory infringer even though the article he sells is subsequently used in a patent-infringing device if that article is a staple article or commodity of commerce suitable for substantial noninfringing use. 35 U.S. C.A. § 271(c). This Court further agrees that a manufacturer who is not an infringer or a contributory infringer has no legal interest in either the validity or infringement which would entitle the manufacturer to maintain an action for declaratory judgment even though infringement is asserted by the patentee against the manufacturer's customers who use the manufacturer's product in an alleged infringing process or device. The Aralac case supports this proposition.

However, in the decision of the Court of Appeals in that case, it was assumed that casein fiber, manufactured and sold by the plaintiff, was a standard article of commerce capable of various uses and that plaintiff sold it to hat manufacturers and to others. These facts were assumed because they were unnecessary for decision. The basis for decision was that since complaint contained no averment as to any infringement or lack thereof by plaintiff and no prayer for judgment that it was not a contributory infringer, plaintiff, in essence, was seeking a declaration of rights regarding matters in which it had no interest.

■ In the case at bar, plaintiff, in its Complaint seeks a declaration that

defendant's patent is invalid and void and *not infringed or contributorily-infringed by plaintiff's gaskets.* This distinguishes this case from the Aralac case. Plaintiff is seeking a declaration of rights in regard to a matter in which it has a legal interest, whereas in the Aralac case plaintiff was attempting to litigate matters in which only its customers had an interest.

Is the plaintiff, in fact, a contributory infringer? This Court has affidavits from the plaintiff which state that the gasket that it manufactures and sells is not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant, by affidavit, states exactly the opposite position. Therefore, the very fact that would decide the question of contributory infringement is in dispute.

This also distinguishes the case at bar from the Aralac case, wherein it was assumed that the product manufactured and sold by the plaintiff was a standard article of commerce capable of various uses. From the limited evidence presently available, this Court is unable to so find in this case. This Court cannot conclude as a matter of law that plaintiff is not a contributory infringer and therefore not entitled to bring this action because it would have no legal interest in the determination. The disposition of this question might well depend upon expert testimony.

Rule 56(c) Federal Rules of Civil Procedure, insofar as it is pertinent, provides as follows:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

In accordance with all of the foregoing, this Court now holds that plaintiff has stated an actual controversy within the meaning of the Declaratory Judgment Act. 28 U.S.C.A. § 2201. There is a genuine issue as to a material fact and defendant is not entitled to summary judgment as a matter of law.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that defendant's Motion for Summary Judgment be, and is, hereby denied.