The UNIVERSITY OF COLORADO FOUNDATION, INC., a Colorado Not-for-profit Corporation, the University of Colorado, an Institution of the State of Colorado, the Board of Regents of the University of Colorado, a Body Corporate of the State of Colorado, Robert H. Allen, an Individual, and Paul A. Seligman, an Individual, Plaintiffs,

v.

AMERICAN CYANAMID, a Maine Corporation, Defendant.

Civ. A. No. 93–K–1657.

United States District Court, D. Colorado.

Oct. 26, 1995.

Robert N. Miller, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Denver, CO, for plaintiffs.

Daniel J. Thomasch, Richard J. DeMarco, Jr., Donovan Leisure Newton & Irvine, New York City, for defendant.

ORDER ON MOTION FOR RECONSIDERATION

KANE, Senior District Judge.

In this action, The University of Colorado Foundation, Inc. ("Foundation"), The University of Colorado ("University"), The Regents of the University of Colorado ("Regents"), Robert H. Allen and Paul A. Seligman (collectively "Plaintiffs") allege Defendant American Cyanamid Company ("Cyanamid") wrongfully filed and obtained a patent on a reformulated prescription prenatal vitamin called "Materna."

In its second amended complaint, Plaintiffs claimed relief for (1) conversion, (2) fraud, (3) wrongful naming of inventor, (4) copyright infringement, (5) misappropriation, (6) patent infringement, (7) breach of confidentiality obligation, and (8) unjust enrichment.

In my April 3, 1995 memorandum opinion and order ("Order"), *inter alia,* I granted Plaintiffs' motion for summary judgment and denied that of Cyanamid on the cause of action for copyright infringement; granted Cyanamid's motion for summary judgment on the causes of action for conversion, wrongful naming of inventor, misappropriation and breach of confidentiality obligation but denied that motion as concerns the causes of action for fraud, patent infringement and unjust enrichment.

The case now presents on Cyanamid's motion for reconsideration of the Order with regard to my grant of summary judgment to Plaintiffs on the copyright claim and my denial of summary judgment to Cyanamid on the patent infringement, fraud and unjust enrichment claims. Alternatively, Cyanamid requests me to amend the opinion to state it involves controlling questions of law as to certain issues and to certify such amended opinion to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1292(b). I grant the motion insofar as it requests reconsideration with regard to the patent infringement claim but deny it in all other aspects.

The relevant facts are set out in the Order reported in *The University of Colorado Foundation, Inc. v. American Cyanamid Co.,* 880 F.Supp. 1387, 1390–92 (D.Colo.1995).

I. *Motion for Reconsideration.*

"A motion for reconsideration is proper when the court has 'made a mistake not of reasoning but of apprehension ... [or] if there has been a significant change or development in the law or facts since submission.'" *FDIC v. Hildenbrand,* 892 F.Supp. 1317, 1319–20 (1995) (quoting *EEOC v. Foothills Title Guar. Co.,* 1991 WL 61012 at *3 (D.Colo. Apr. 12, 1991), *aff'd,* 956 F.2d 277 (10th Cir.1992)).

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings.... Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contra-

dictory controlling authority exists, or the original order is clearly erroneous.

*Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981) (citations omitted).

A. *Patent Infringement Claim.*

■ Cyanamid asks me to reconsider the Order denying its summary judgment motion on the patent infringement claim. The Order stated although Plaintiffs could not succeed in a claim for damages under the Patent Act because they did not have legal title as contemplated by the Act, Cyanamid had not shown as a matter of law the Plaintiffs could not establish themselves as equitable title holders of the patent entitled to equitable relief. *University of Colorado Foundation, Inc.,* 880 F.Supp. at 1397.

Cyanamid argues, assuming the facts alleged by Plaintiffs to be true, Cyanamid's patent covering the Materna reformulation would necessarily be invalid. It asserts *Kennedy v. Hazelton,* 128 U.S. 667, 9 S.Ct. 202, 32 L.Ed. 576 (1888), precludes Plaintiffs' claim for equitable infringement because there the Court held there can be neither equitable nor legal rights in an invalid patent.

Cyanamid maintains this case is distinguishable from *Arachnid, Inc. v. Merit Indus., Inc.,* 939 F.2d 1574 (Fed.Cir.1991), referred to in the Order. There, it was undisputed that the actual inventors obtained title to the patent at issue and the plaintiff based its equitable rights under the patent upon a contractual agreement that required defendant to assign ownership of the patent to plaintiff. Thus, unlike here, the claim in *Arachnid* did not involve an assertion that the patent had been fraudulently obtained nor did it otherwise require a finding of facts that would have the effect of invalidating the patent at issue.

Plaintiffs respond Cyanamid mischaracterizes their equitable claims as establishing a cause of action for "equitable patent infringement," precluded by *Kennedy* and *Arachnid.* Plaintiffs argue this preclusion cannot be extrapolated to the notion that there can be no equitable remedies at all. They cite numerous cases, including *Arachnid,* where equitable remedies have been expressly endorsed.

See *Becher v. Contoure Lab.*, 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752 (1929); *Colgate–Palmolive Co. v. Carter Prods., Inc.*, 230 F.2d 855 (4th Cir.), *cert. denied*, 352 U.S. 843, 77 S.Ct. 43, 1 L.Ed.2d 59 (1956); *Saco–Lowell Shops v. Reynolds*, 141 F.2d 587 (4th Cir. 1944); *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226 (Fed.Cir.), *cert. denied*, 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989).

In *Kennedy*, plaintiff and defendant entered into an agreement in which defendant agreed to assign to plaintiff, and not to any other person, any patent that defendant might obtain for inventions relating to improvements in steam boilers. 128 U.S. at 668, 9 S.Ct. at 202. Thereafter, defendant made such invention and, "with intent to evade his agreement and to defraud the plaintiff, procured a patent for this invention to be obtained upon the application under oath of a third person as the inventor, and to be issued to him as assignee of that person. . . ." *Id.* at 671, 9 S.Ct. at 203. Plaintiff sought, by bill of equity, to compel defendant to assign the patent to him and to account for the profits received under it. *Id.*

In rejecting plaintiff's claim, the *Kennedy* Court held "a decree for profits can only proceed upon the ground that the plaintiff is at least the equitable owner of the patent, and there can be neither legal nor equitable ownership of a void patent." *Id.* at 672, 9 S.Ct. at 203.

■ Plaintiffs label their sixth claim for relief for "Patent Infringement" and term themselves "equitable owners of Cyanamid's patent," (Second Am. Compl. ¶ 75). On the basis of *Kennedy*, there can be no equitable ownership of a void patent and therefore Plaintiffs cannot be rewarded relief under their patent infringement claim. None of the cases relied on by Plaintiffs refute this.

*Arachnid* is distinguishable because there it was undisputed that the actual inventors obtained the patent at issue and the plaintiff based its claim to equitable rights under the patent upon a contractual agreement that required defendant to assign ownership of the patent to plaintiff. Similarly, *Becher* involved "breach of contract or wrongful disregard of confidential relations, both matters independent of the patent law. . . ." 279 U.S.

at 391, 49 S.Ct. at 357. *Colgate Palmolive Co.* concerned misappropriation of a trade secret resulting "from the employment of one to whom it had been imparted in the course of a former employment," 230 F.2d at 865; *Saco–Lowell Shops* required assignment of a patent based on ideas received by a licensor from a licensee in confidence during the development of an invention, 141 F.2d at 598; and *Richardson* concerned the misappropriation of a trade secret developed by plaintiff pursuant to a formal option and license agreement executed between the parties, 868 F.2d at 1242.

Plaintiffs' sixth cause of action is for patent infringement on the basis that they are the "equitable owners of Cyanamid's patent." Cyanamid's motion for reconsideration persuades me Plaintiffs cannot establish themselves as equitable title holders of the patent entitled to equitable relief. Accordingly, I grant Cyanamid's motion insofar as it requests reconsideration of the denial of summary judgment on the patent infringement claim.

**B. *Fraud and Unjust Enrichment Claims.***

■ In its motion for reconsideration, Cyanamid argues for the first time that Plaintiffs' common law claims for fraud and unjust enrichment are preempted by the Supremacy Clause of the United States Constitution because allowing those claims would grant Plaintiffs a state law patent-like interest in conflict with the Patent Act and because there is no "property" interest at stake in those claims.

These arguments essentially constitute a new summary judgment motion based on a defense never pled and filed without leave five months after the December 15, 1994 deadline for filing dispositive motions. Such arguments fall outside the purview of a motion for reconsideration, the purpose of which is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, I do not consider them and deny Cyanamid's motion insofar as it seeks reconsideration of the Order denying summary

judgment on Plaintiffs' claims for fraud and unjust enrichment.

### C. Copyright Claim.

■ Cyanamid asserts issues of fact should have precluded summary judgment in Plaintiffs' favor on the copyright claim. It maintains the court erred in finding that a September 24, 1991 letter from Dr. Allen to Dr. Ellenbogen granting permission "to use and circulate the results of our studies" could not be construed to mean permission to use the graphs and table contained in the relevant manuscript. Cyanamid argues in so ruling I impermissibly afforded the benefit of inferences to Plaintiffs, the movants.

Cyanamid has not created a genuine issue of fact as to its contention that Dr. Allen's letter gave Cyanamid the right to copy the figures and table into a patent application. To the contrary, Drs. Allen and Ellenbogen and the lawyer who prepared Cyanamid's patent application have all testified they did not intend to read it that way. Accordingly, I find no merit in Cyanamid's request for reconsideration on this ground.

■ Cyanamid further argues summary judgment on the copyright issue was inappropriate because, in denying Cyanamid's request for summary judgment based on statute of limitations grounds, I found factual issues existed as to whether Plaintiffs should have known of the patent, which precluded summary judgment. Cyanamid reasons at the time of trial a jury may conclude that Plaintiffs should have known of the patent before August 1990 and extrapolates, in that case, Plaintiffs' copyright claim would be barred by the statutes of limitations.

I found whether Plaintiffs should have known of the patent was a genuine issue of fact for trial. I did not find, nor does it follow, that whether Plaintiffs should have known of the copyright infringement is a genuine issue of fact. Knowledge of the existence of a patent is clearly distinct from knowledge that a particular patent application involved unauthorized copying of copyrighted material. Cyanamid has not persuaded me that granting summary judgment to Plaintiffs on their copyright claim involved a manifest error of law or fact nor has it

presented newly discovered evidence warranting reconsideration.

### II. Amendment regarding Controlling Questions of Law.

Cyanamid requests, in the event I deny its motion for reconsideration with respect to Plaintiffs' patent infringement, fraud and unjust enrichment claims, I amend the opinion to state it involves controlling questions of law on two issues and that such amended opinion be certified to the Court of Appeals for the Federal Circuit.

Because I grant the motion for reconsideration with regard to the patent infringement claim, the first issue on which certification is sought is moot. The second issue concerns whether Plaintiffs' assertion of common law and equitable claims are preempted by the Supremacy Clause. As stated above, the issue of preemption was not raised in Cyanamid's motion for summary judgment and is not properly before me in its motion for reconsideration. Accordingly, I decline the request to amend the opinion.

### III. Conclusion.

For the aforesaid reasons, I grant Cyanamid's motion insofar as it requests reconsideration of the denial of summary judgment on the patent infringement claim and grant summary judgment for Cyanamid on Plaintiffs' sixth cause of action. I deny Cyanamid's motion in all other aspects.