## DAVIS v. AMERICAN FOUNDRY EQUIPMENT CO.

### No. 6407.

Circuit Court of Appeals, Seventh Circuit.

Feb. 7, 1938.

C. Lysle Smith and John Alden Powers, both of Chicago, Ill., for appellant.

Charles W. Bingham, of Mishawaka, Ind., for appellee.

Before SPARKS, and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a judgment of the District Court dismissing his bill of complaint seeking a declaratory judgment, for want of jurisdiction.

In his bill plaintiff averred that he had in a certain contract licensed the defendant to manufacture 'and use certain patented devices; that thereby defendant agreed to pay plaintiff certain sums including $500 paid at the time of the execution of the agreement and $500 to be paid each year during the life of the patents. The suit was begun four years after the contract was executed and there was then due $2,000. The payments to be made in the future aggregated some $7,500. The bill alleged that defendant, was insisting that the contract is void by reason of the failure of plaintiff to comply with the statute of the state of Indiana. Jurisdiction was invoked upon the ground of diversity of citizenship. Plaintiff alleged that the validity of the contract was in issue and that it had a value in excess of $3,000 exclusive of interest and costs, and prayed that the court might enter a declaratory decree finding the contract valid. The court below held and defendant contends here that the amount in controversy is the sum of money now due, while the plaintiff insists that the subject-matter in controversy is the validity of the contract, which under the averments of the bill has a value in excess of the requisite statutory amount. This is the only question presented.

The act, Jud.Code § 274d, 28 U.S. C.A. § 400, provides in part that: "In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate, pleadings to declare rights and other legal relations of any interested party petitioning for such declaration." By this legislation the Congress has not changed the jurisdictional requirements for suits in federal courts. There must exist, as heretofore, the essential grounds for federal jurisdiction, and in cases depending upon diversity of citizenship, more than $3,000 must be involved. The law created no new substantive rights or legal relationships but added to the remedies previously existing, an additional one for relief in the form of a judgment declaring, in cases of actual controversy, the rights of the parties. Though such relief was inherent in some situations previously, the statute extended the propriety of the procedure greatly, with the obvious intent to avoid delay and accrual of damages against one uncertain of his rights and to promote an early adjudication of the controversy between the parties without waiting until one of them should see fit to begin suit for coercive relief after damages

had accrued. E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852.

Defendant insists that to grant the relief in the present instance is to do violence to these elementary premises and to extend the jurisdiction of the federal courts to situations where jurisdiction did not previously exist. But it is to be observed that the question in controversy is the validity of a contract which has an admitted value of at least $9,500. Plaintiff sought the aid of the court in the form of a decree declaring the contract valid. This is a suit not for coercive relief for the damages thus far accrued, but rather for declaratory relief. True it is that plaintiff might not invoke the court's jurisdiction in a suit to recover $2,000 in money, but this suit is for other relief; it is in the nature of a suit to quiet title, by which equity jurisdiction is invoked in order to secure a decree of nonexistence of apparent clouds upon one's title. So, here, plaintiff seeks to have the court remove any doubt as to the validity of the contract. In such a situation to exercise jurisdiction under the Declaratory Act is not to extend the jurisdiction of the court but merely to hasten the day when that jurisdiction may be invoked, and as in suits quieting titles, the amount in controversy is the value of the thing which it is said is incumbered with a voidable cloud. The value in controversy is the value of that which it is sought to have declared free of doubt, namely, the contract for $9,500. Thus in New York Life Ins. Co. v. London, D. C., 15 F.Supp. 586, though the payments due upon life insurance policies were less than $3,000, the insurance company's suit for a declaratory judgment to determine the validity of policies for $30,000 and its liability thereunder was sustained. To the same effect is Commercial Casualty Co. v. Humphrey, D. C., 13 F.Supp. 174.

This conclusion is in logical accord with the reasoning of the Supreme Court in various cases where it was held that the value of the right in dispute determines the jurisdiction; that where the controversy regards the effect of a contractual right, the value of the latter is the determining feature. Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L. Ed. 821; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Berryman v. Whitman College, 222 U.S. 334, 32 S.Ct. 147, 56 L.Ed. 225. See, also, Board of Trade v. Cella Commission Co., 8 Cir., 145

F. 28; Gully v. Interstate Natural Gas Co., Inc., 5 Cir., 82 F.2d 145, 149. In the latter case the court said: "When, then, an actual controversy exists, of which, if coercive relief could be granted in it the federal courts would have jurisdiction, they may take jurisdiction under this statute, of the controversy to grant the relief of declaration, either before or after the stage of relief by coercion has been reached."

If the act is to accomplish its beneficent remedial purpose, it must be available to litigants at such a time as to make the relief effective. The intent of Congress to hasten the day of adjudication of the rights of the parties will be defeated if it is to be said that the value of the contract is not the measure of the amount involved. The judgment is reversed with directions to proceed in accordance with this opinion.