**TALBOT et al. v. QUAKER–STATE OIL REFINING CO.**

**No. 6863.**

Circuit Court of Appeals, Third Circuit.

March 15, 1939.

Walter B. Gibbons, of Philadelphia, Pa., and Robert E. Barry and Armand A. Cyr, both of Washington, D. C., for appellants.

J. Villard Frampton, of Oil City, Pa., and Charles R. Fenwick, of Washington, D. C. (Mason, Fenwick & Lawrence, of Washington, D. C., and Frampton & Courtney, of Oil City, Pa., of counsel), for appellee.

Before MARIS and CLARK, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

The appellants, co-owners of a patent for a non-refillable drum for storing lubricating oil, brought this suit for infringement against the appellee. The Court below, sustaining a special defense, dismissed the bill upon the ground that a judgment of the Supreme Court of Pennsylvania to the effect that Talbot, one of the two appellants, had licensed the appellee was conclusive against the parties to this suit under the rule of res judicata; and that ruling presents the question for review.

The essential facts are as follows: In September, 1931, Talbot assigned to Mann, the other appellant, an undivided one-half interest in a number of pending patent applications, including one which subsequently issued as the patent which is the subject of this suit (No. 1,890,421), and at the same time he and Mann entered into a written agreement providing for the sale of the inventions, sharing profits, etc. Some three months later Talbot was employed by the appellee for the specific purpose of adapting his inventions to certain requirements which the appellee had made known to him.

The Court below held, and we agree, that Talbot as a joint owner had power to grant to the appellee, without the consent of Mann, the right to use the invention of the patent in suit, and that a provision in his contract with Mann by which it was agreed that neither would dispose of his share in any of the inventions' without the written consent of the other did not affect the appellee in the absence of notice to it. If then, as a matter of fact, it was a part of Talbot's contract of employment that the appellee should have the right to use the patent in suit, this suit

for infringement could not be maintained, since a license by one of two joint owners is a complete defense to an infringement suit.

This fact question—whether or not Talbot did license the appellee—was the determining issue of protracted litigation in the Pennsylvania Courts. That litigation originated with a bill in equity brought by the appellee against Talbot in the Court of Common Pleas of Venango County of Pennsylvania to establish its right to use the completed device developed by Talbot while in its employ. The right to use his prior inventions, to the extent that they were incorporated into the improved devices, was necessarily involved.

On appeal, the Supreme Court of Pennsylvania held in substance that Talbot's contract bound him to give the appellee the use of his pending applications, including the one now in suit, as well as improvements made by him while in the appellee's employ. As to the pending applications, there was an obligation upon the appellee to pay him reasonable compensation (the amount of which was not ascertained) in addition to his agreed salary. However, the Court held, if it should turn out that the device covered by the application in question was not for a patentable invention, no compensation would be due. The Court affirmed the decree of the County Court, thus finally adjudicating the contract, but remanded the cause for the determination of the compensation due.

The County Court construed this order as including a direction to determine the patentability of the invention, but, on a second appeal, the Supreme Court said that it was not intended by its earlier decree that patentability should be decided by the County Court, but that question was properly for the Federal Court. The Court referred to the present action which was then pending, reversed the County Court's order and directed it to await the determination of this suit, adding that if there should be a dismissal of the proceedings in this Court without an adjudication of patentability the County Court would then proceed to try that issue.

■ Parenthetically, it may be noted that the appellants could have obtained the judgment of the Federal Court upon the question of patentability by means of an action for a declaratory judgment. This suit for infringement was chosen doubtless for the purpose of relitigating the fact question which the Pennsylvania Courts had decided against them, with the result that they have been met with the defense that the appellee's contractual right to use the subject of the patent has been adjudicated.

The ground upon which the trial Court's application of the doctrine of res judicata is questioned, is that the appellant Mann was not a party of record to the suit in the Courts of Pennsylvania.

■■■ It is true that between cotenants of land or other tangible property there is neither privity nor identity of interest, and a judgment rendered in a suit affecting the common property brought by or against only one of the cotenants is not binding upon his associate. Property in patents, however, is of a peculiar character and, while the theory of separate and distinct undivided interests is preserved, there is actually a much closer interrelationship between the rights of co-owners and a much nearer approach to substantial identity of interests than with tangibles or ordinary choses in action. In its essence all that the Government confers by the patent is the right to exclude others from making, using or vending the invention (Crown Co. v. Nye Tool Works, 261 U.S. 24, 35, 43 S.Ct. 254, 67 L.Ed. 516), and as to this essential attribute of the property each joint owner is in a very real sense at the mercy of any other. Each of them may use or license others to use the invention without the consent of his fellows, and without responsibility to such fellows for the profits arising from such use or license. McDuffee v. Hestonville M. & F. R. Co., 3 Cir., 162 F. 36, 39. This unlimited right to license others may, for all practical purposes, destroy the monopoly and so amount to an appropriation of the whole value of the patent. Vose v. Singer, 4 Allen, Mass., 226, 230, 81 Am.Dec. 696.

■ Thus, co-ownership of patents viewed realistically differs widely from ordinary cotenancy, and it is no safer in applying the doctrine of res judicata to follow implicitly the rules relating to choses in action at common law than to follow such rules in dealing with the transfer of rights under the patent law. Crown Co. v. Nye Tool Works, supra, page 40, 43 S.Ct. page 254. There are other relationships in which privity is not necessary in order that a judgment in a former suit may be conclusive against one not a record party to it,

an example of which is that of principal and agent, where an agent defends on his principal's title or is acting within the scope of his authority conferred on him, or if the principal was represented, or should have been, by notice or knowledge of the litigation. United States Nat. Bank, Portland v. Union Nat. Bank, Philadelphia, 268 Pa. 147, 157, 110 A. 792. This type of case presents a closer analogy to the situation now before us, than the case of ordinary cotenants.

In the case at bar, it appears from the record that Mann was a joint owner of the patent, that he had full knowledge of the prior suit, that he was present at the hearing, that he was called for cross-examination by the plaintiff as an adverse party pursuant to a Pennsylvania statute which gives that right only in the case of adverse parties, that he testified without objection, and that he subsequently testified in Talbot's behalf.

Under these circumstances, we are of the opinion that the judgment of the Supreme Court of Pennsylvania to the effect that the appellee has the right to use the invention of the patent in suit was conclusive and binding upon the parties to this suit, and that the Court below properly dismissed the bill.

The judgment is affirmed.