## MISSISSIPPI POWER & LIGHT CO. v. CITY OF JACKSON et al.

### No. 9584.

Circuit Court of Appeals, Fifth Circuit.

Jan. 17, 1941.

Writ of Certiorari Denied March 10, 1941.

See 61 S.Ct. 741, 85 L.Ed. ——.

Marcellus Green, Garner W. Green, Forrest B. Jackson, and Andrew M. Nelson, all of Jackson, Miss., for appellant.

J. Morgan Stevens and W. E. Morse, both of Jackson, Miss., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for a declaratory judgment. The material allegations were (1) that plaintiff had a contract [1] with the City of Jackson to furnish gas from the Jackson Field at rates fixed therein, with an optional provision to seek gas elsewhere when the Jackson Field became insufficient, and

---

[1] Section 1 granted the franchise.

Section 2 fixed its term at 25 years, conditioned on grantee's furnishing natural gas to the inhabitants of the City of Jackson at the rates shown in the schedule, "as long as commercial natural gas is produced in commercial quantities in the City of Jackson or in a radius of forty miles thereof in the State of Mississippi sufficient to supply the demands of the City of Jackson and its inhabitants and its industries."

Section 3 provided: "Pursuant to the municipality's rate-making power and the terms and conditions upon which this franchise is given, the municipality establishes the following rates and charges for natural gas service in Jackson for gas taken from the Jackson natural gas field or from a commercial gas field within a forty mile radius within Mississippi."

Section 5 provided: "Should Jackson gas field or all the gas fields in the State of Mississippi within a radius of forty miles of the City, become insufficient for the performance of that hereunder required of grantee, it may thereafter and not before, obtain natural gas from other fields and rates therefore shall be fixed hereunder that are just and reasonable. This provision is purely optional with the grantee and in no wise imposes any obligation on the grantee to maintain its equipment for manufacturing gas or to contract for any gas from any foreign field." It further provided that grantee might under the option, supply artificial gas or a mixture of artificial and natural gas and that just and reasonable rates should be fixed therefor.

furnish it on adequate rates to be fixed; (2) that it had fully complied with the contract; (3) that the Jackson Gas Field is presently and has been for many months, insufficient for the performance of its contract; (4) that having no sufficient supply of contract gas, it has sought, obtained, and is furnishing pipe line gas from foreign fields; (5) that the city pretends that the Jackson Field is still sufficient, refuses to recognize the changed conditions, insists that plaintiff must furnish gas from the Jackson Field at the rates provided in the contract when there is not sufficient gas there to do so and refuses to fix reasonable rates for the pipe line gas plaintiff is compelled to furnish.

The prayer was for a declaration that; "(a) Under its said contract, plaintiff has a right, as at now, and from February 7, 1940, to furnish in said City pipeline gas, and that the rates prescribed by Section 3 of the contract *do not apply thereto.*", "(b) That under said contract, plaintiff has the right, if the Court be of opinion that said plaintiff may not so furnish pipeline gas, to *discontinue furnishing* said City and its inhabitants pipeline gas and to leave the said City solely dependent upon that portion of the gas originating from said Jackson field that plaintiff may supply."

The city filed its motion to dismiss, asserting among other grounds (1) this court has no jurisdiction of the subject matter and (5) it is without jurisdiction, because within the provisions of the Johnson Act, 28 U.S.C.A. § 41, Subd. (1), the suit is in effect one to enjoin, suspend or restrain the enforcement, operation or execution of an order of a rate-making body of a political subdivision of the State of Mississippi, to-wit, the City of Jackson.

The district judge without an opinion, and without otherwise stating the reasons for his action, entered an order dismissing the cause for want of jurisdiction. Plaintiff is here challenging the order as entered erroneously, because its complaint showed the requisite diversity of citizenship and jurisdictional amount, and an actual controversy within the provisions of the Federal Declaratory Judgment Act, Jud.Code, § 274d, 28 U.S.C.A. § 400, which was not within the prohibitions of the Johnson Act. We agree with plaintiff.

 It is quite plain that the Johnson Act aside, a case for the exercise of federal jurisdiction is well stated. For, within the settled rule of the applicable authorities, [2] the complaint presents an actual justiciable controversy, appropriate for declaratory judgment relief. The allegations of the complaint, that plaintiff has been compelled to institute and put in effect, reasonable rates for the pipe line gas it is furnishing, aside, every allegation has to do with and is directed to the single question of a determination and declaration as to whether the Jackson Field is insufficient and if it is, as to the rights of the parties under the changed conditions. The allegations as to rates instituted by the plaintiff are not necessary to the tendered issue, no relief is asked as to them and they may and will be disregarded in the consideration and determination of the issue tendered for a declaration, whether the Jackson Field is insufficient and if it is what are the rights of the parties. Maryland Casualty Co. v. Texas Company, 8 Cir., 114 F.2d 952.

 While the declaratory judgment act has not added to the jurisdiction of the federal courts, it has added a greatly valuable procedure of a highly remedial nature. Extending by its terms to all cases of actual controversy "except with respect to Federal taxes", it should be, it has been given a liberal construction and application to give it full effect. Currin v. Wallace, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441, presents a striking instance of its use in a suit between tobacco warehouse men, auctioneers and the Secretary of Agriculture, to determine the constitutionality and effect of the Tobacco Act of August 23, 1935, 7 U.S.C.A. § 511 et seq., while a normal, indeed a common use of it has been in the construction of contracts and the declaration of rights under them. It would be difficult we think, to find a case more appropriate than this one for the application of the act or one more aptly illustrating its beneficial uses.

Here the City and the Company, under contractual relations with each other, which oblige the company to furnish gas at rates fixed in the contract while the Jackson

---

[2] Gulley v. Interstate Natural Gas Co., 5 Cir., 82 F.2d 145; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Currin v. Wallace. 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441; Davis v. American Foundry Company, 7 Cir., 94 F.2d 441, 115 A.L.R. 1486; Ætna Life Ins. Co. v. Martin, 8 Cir., 108 F.2d 824; Maryland Casualty Co. v. Texas Co., 8 Cir.. 114 F.2d 952.

Field holds out, and specifically relieve it from so doing when the field has failed, are at loggerheads over the facts upon which their respective rights and duties depend and therefore over their respective rights and duties under the facts.

The company insists that the field is insufficient, the city that it is sufficient. Acting upon its view, the company has made arrangements for bringing in pipe line gas from a distance and is undertaking to exact and collect for that gas, higher rates than those provided for in the contract. The city insisting that the field is sufficient and the contract still holds is resisting these efforts.

■ An authoritative determination as to the present status of the contract and of the rights and duties of the parties under it is essential in the interests of both city and company and of the public that both serve. For such a case, the declaratory judgment act is made to order.[3] A large portion of appellee's brief is devoted to a discussion of the merits of the cause. Having been dismissed for want of jurisdiction, the merits of the cause are not before us. Neither, for the same reason, are we concerned with the question much discussed in the briefs of both appellant and appellee, with authorities pointing both ways, whether the declaratory judgment jurisdiction is discretionary that is, whether if the complaint makes out a case under the statute, the exercise of such jurisdiction, may in the court's discretion, be refused. The court having dismissed the cause for "lack of jurisdiction" because the court was of the opinion that "it had no jurisdiction" of it, we are concerned here with questions neither of discretion nor of the merits, but only with whether there was jurisdiction and we think it plain that there was.

■ The proceedings in the senate in connection with the passage of the Johnson Act, as well as the terms of the act itself, make it clear that it was designed and enacted to prevent the exercise of the injunctive jurisdiction to restrain or suspend the enforcement of orders affecting the rates of public utilities. Neither in terms nor in purpose does the act extend to cases of this kind where rates as such are not in question, and neither injunctive nor other suspensive orders are asked for, but there is merely an invocation of jurisdiction, under the declaratory judgment act, to determine and declare rights, under a contract, which must be settled and determined before either party can safely or justly proceed.

If instead of the company suing to declare the contract at an end, the city were suing to specifically enforce it, there could we think be no question of jurisdiction. There ought to be and we think there is none, when the company sues to have the same contract declared inapplicable, or at an end. This kind of jurisdiction was fully recognized and given effect in Haworth's case, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and it has been and is being given full effect since, in suits by insurance companies to determine whether or not and to what extent their contracts bind them to defend.

No reason presents itself to us why the jurisdiction does not exist fully here. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

---

[3] Borchard Declaratory Judgments, pages 187, 188, 417, 424, 426, 433, 436, 566, 606; 101 A.L.R. 694.