## GRIP NUT CO. v. SHARP.

### No. 7734.

Circuit Court of Appeals, Seventh Circuit.

Dec. 11, 1941.

Russell Wiles, Geo. A. Chritton, and Chritton, Wiles, Davies & Hirschl, all of Chicago, Ill., for appellant.

John H. Sharp, of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from the dismissal for lack of jurisdiction of appellant's complaint for a declaratory judgment and for ancillary relief in a controversy allegedly rising under the patent laws of the United States. We have not had the benefit of a brief on behalf of the appellee.

Diversity of citizenship is lacking. Plaintiff is an Illinois corporation with its principal place of business at Chicago, Illinois, and defendant is a citizen and resident of Chicago, Illinois. Necessarily, federal jurisdiction fails if this cause does not rise under the patent laws.

The complaint states that for many years plaintiff has sold an "article of manufacture known as a leak-proof bolt," which others have made for it under contract or special order. It further appears that the plaintiff has also been selling brake supports and certain cooperative devices which the plaintiff has assembled at its factory from parts, some of which were made for it by other manufacturers. Plaintiff then sets out in its complaint that the defendant charges such sale and manufacture to be an infringement of certain patents of the defendant and that plaintiff denies said infringement. Besides the denial of infringement, the complaint affirmatively states that the defendant has no cause of action because the plaintiff "is licensed to manufacture and sell as it is doing" and has an "equitable title to the patents" to which defendant at most has bare legal title as trustee for the plaintiff. The prayer is for a declaration of the rights and legal relations of the parties.

The sole question is whether the complaint presents a controversy "arising under the patent * * * laws."

■ Certain it is that every controversy involving a patent does not arise "under the patent * * * laws." cf. e. g. Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 115 A.L.R. 1486. cf. Borchard, Declaratory Judgments, 2nd Ed. 809. Before the passage of the Federal Declaratory Judgment Act, the question of infringement of a patent presented a controversy "under the patent * * * laws" only when the patentee brought suit against the alleged infringer. Absent a demonstrable bad faith, the alleged infringer was without remedy until the business discretion of the patentee dictated suit. Until then the patentee could harass the alleged infringer by threatening infringement proceedings and injure his business by cowing his customers and dealers. Today, the alleged infringer, once he is threatened by a patentee, has a remedy by a complaint for a Declaratory Judgment. Now, "* * * the controversy between the parties as to whether a patent is valid, and whether infringement exists is in either instance essentially one arising under the patent laws

of the United States. It is of no moment, in the determination of the character of the relief sought, that the suit is brought by the alleged infringer instead of by the owner." E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, 854; Chicago Metallic Mfg. Co. v. Katzinger Co., 7 Cir., 123 F.2d 518, decided November 12, 1941; cf. Borchard, supra, 806; and 45 Yale L.J. 1287.

■ In this case, the plaintiff alleges that the defendant has charged plaintiff with infringement of patents and that plaintiff denies it. The plaintiff is entitled to have a declaration as to whether that charge is true.

■ The right to have the question of infringement settled once and for all is not lost to the plaintiff by its further plea that it was a licensee and the equitable owner of the patents. In the ordinary suit for infringement such a plea must be set up in the answer, cf. Reynolds Spring Co. v. L. A. Young Industries, 6 Cir., 101 F.2d 257, and we believe that the new right of the alleged infringer to bring a suit for a Declaratory Judgment has not removed this onus since the Declaratory Judgment suit, once brought, is really no different than the suit by the patentee for infringement.

To be sure, if the issue were merely one of title to the patents or the existence of a license, the state court would be the correct forum for these two Illinois parties to settle their dispute. But such is not the case. The defendant has seen fit to charge plaintiff with infringement and those charges give the plaintiff a right to a declaration as to its merits. It would be most unreasonable to hold that plaintiff must try the issue of license and title in the state court. To require that would be to deny the plaintiff a defense in its suit for declaration of no infringement which it would have had if this were an infringement suit by the patentee. Such a result would violate the purpose of the Declaratory Judgments Act and impair unwisely the efficient administration of justice.

The judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.