**MUSKEGON PISTON RING COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**Ernest R. OLSEN and National Piston Ring Company, a Corporation, Defendants-Appellees.**

**No. 14645.**

United States Court of Appeals Sixth Circuit.

Aug. 17, 1962.

O'Sullivan, Circuit Judge, dissented.

Edward C. McCobb, Grand Rapids, Mich., McCobb & Heaney by Edward C. McCobb, Grand Rapids, Mich., on the brief, William K. Van't Hof, Peter P. Price and Harry G. Weissenberger, Grand Rapids, Mich., of counsel, for appellant.

Harold M. Street, Muskegon, Mich., Olsen & Farmer, Poppen, Street & Sorensen, Muskegon, Mich., on the brief, Harold M. Street, Muskegon, Mich., of counsel, for appellees.

Before CECIL and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

CECIL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Michigan, Southern Division, dismissing the complaint of the plaintiff-appellant. The complaint was dismissed on the motion of the defendants-appellees for the reason that it did not state a claim upon which relief could be granted (Rule 12(b) (6) F.R.Civ.P., 28 U.S.C.A.), in that it was not an action arising under the patent laws of the United States and the court had no jurisdiction to determine the issues presented. The parties will be referred to as plaintiff and defendants, as they were in the District Court.

We look to the complaint for the facts. The plaintiff is a Michigan corporation, with its principal office in Muskegon county, Michigan, and is the owner of United States patent No. 2798779, issued July 9, 1957, on application filed April 2, 1956. The defendant Ernest R. Olsen is a resident of Ottawa county, Michigan, and the defendant National Piston Ring Company is a Michigan corporation with its principal office in the Western District of Michigan.

The action is one for a declaratory judgment and is brought under section 2201, Title 28 U.S.C. Jurisdiction is

claimed by virtue of sections 102, Title 35 and 1338, Title 28 U.S.C.

On May 9, 1957, the defendant Olsen filed an application, serial No. 658040, in the patent office of the United States for a patent. On or about July 10, 1958, he copied claims 1, 3 and 4 of plaintiff's patent and requested an interference be declared between his application and the patent of the plaintiff. On October 20, 1958, an interference was declared which was still pending in the patent office at the time this appeal was perfected.

It is alleged in the complaint that Olsen, in his application for a patent and in its prosecution, charged that he was the inventor of the disclosure of plaintiff's patent, that its subject matter was disclosed to plaintiff and other piston ring manufacturers prior to the filing date of the application for plaintiff's patent and that plaintiff's assignors wrongfully appropriated such disclosure in making their application for a patent. The plaintiff then denies the truth of these alleged charges or assertions of the defendant.

The plaintiff further alleged that Olsen "engaged in a course of unfair competition with plaintiff consisting of disparagement of plaintiff's right to make and sell piston rings embodying the invention disclosed in plaintiff's patent, libel and slander of plaintiff's title to its patent, threats against plaintiff's customers of liability in large amount for buying and using rings embodying the disclosure of plaintiff's patent, and interference with plaintiff's right to license its patent and otherwise to enjoy the lawful rights and benefits of its patent." The plaintiff also alleged that defendant threatened to sue plaintiff in the common law courts for wrongful appropriation of defendant's claimed invention.

The National Piston Ring Company was named as a defendant for the reason that it had or claimed to have some interest through Olsen and that it joined with him in the course of conduct above described.

If this action is to be maintained in the District Court, the court's jurisdiction must be within the provisions of section 1338(b), Title 28 U.S.C. "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the * * * patent * * * laws." Subdivision (a) of this section does not give the court jurisdiction as claimed by plaintiff. This gives the court "jurisdiction of any civil action arising under any Act of Congress relating to patents. . . . ." No Act of Congress is alleged in the complaint as the basis of plaintiff's cause of action. The allegations sound in tort, viz., unfair competition, libel and slander, threats against customers and interference with plaintiff's right to enjoy the benefits of its patent.

■ Unfair competition, as charged, consists of disparagement of plaintiff's right to make and sell piston rings embodying the invention disclosed in plaintiff's patent. This is not unfair competition as it is generally defined in the federal courts. "It is a fundamental rule applicable to all cases of unfair competition that one man has no right to palm off his goods for sale as the goods of a rival dealer and that he cannot therefore be allowed to use names, letters or other indicia by which he may induce purchasers to believe that the goods which he is selling are the manufacture of another and this principle is applicable although no technical trademark is used by either." James Heddon's Sons v. Millsite Steel & Wire Works, 128 F.2d 6, 9, C.A. 6, cert. denied 317 U.S. 647, 63 S.Ct. 79, 87 L.Ed. 541. See also Louisville Taxicab & Transfer Co. v. Yellow Cab T. Co., D.C., 53 F.Supp. 272, 276, decree modified and affirmed 147 F.2d 407, C.A.6; Kellogg Co. v. Nat. Biscuit Co., 305 U.S. 111, 122, 59 S.Ct. 109, 83 L.Ed. 73.

■ Libel and slander, threats against plaintiff's customers and interference with plaintiff's right to enjoy the benefits of its patents, give rise to a cause of action under state law. True, a controversy between the parties is al-

leged, but whether the plaintiff is entitled to recover must be determined in the state courts. These alleged wrongs do not give rise to a cause of action under the patent laws of the United States. "A suit for damages to business caused by a threat to sue under the patent law is not itself a suit under the patent law. And the same is true when the damage is caused by a statement of fact—that the defendant has a patent which is infringed. What makes the defendants' act a wrong is its manifest tendency to injure the plaintiff's business and the wrong is the same whatever the means by which it is accomplished. But whether it is a wrong or not depends upon the law of the State where the act is done, not upon the patent law, and therefore the suit arises under the law of the State. A suit arises under the law that creates the cause of action. The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be in an action of contract." American Well Works v. Layne, 241 U. S. 257, 259, 36 S.Ct. 585, 60 L.Ed. 987.

■ No question of infringement is involved here and there is no claim that the patent is invalid for lack of invention. Tuthill v. Wilsey, 182 F.2d 1006, 1008, C.A. 7. The defendants cannot sue for a cancellation of the patent on the ground of prior invention. Only the government can do that. (Eckert v. Braun, 155 F.2d 517, 519, C.A.7; United States v. American Bell Tel. Co., 128 U.S. 315, 9 S.Ct. 90, 32 L.Ed. 450; United States v. American Bell Tel. Co., 159 U.S. 548, 16 S.Ct. 69, 40 L.Ed. 255; Briggs v. United Shoe Machinery Co., 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138.)

The patent having been issued to plaintiff's assignors is presumed to be valid. Section 282, Title 35, U.S.C. The burden of establishing invalidity rests on the defendants, if they assert it (idem). The defendants are in no position to raise that question in the federal courts from the facts as alleged in the complaint. The plaintiff is secure in its patent so far as may be ascertained from the complaint. The validity of plaintiff's patent is not jeopardized, but its business is.

■■ The plaintiff must seek redress for this injury in the courts of the state where the cause of action arises. American Well Works v. Layne, supra. Likewise, the defendant Olsen must seek his remedy for the alleged unlawful and fraudulent appropriation of his prior invention in the state court. Lion Mfg. Corporation v. Chicago Flexible Shaft Co., 106 F.2d 930, 932, C.A.7; Papazian v. American Steel & Wire Company of New Jersey, 155 F.Supp. 111, 117, D.C. N.D.O.

■ An examination of the function of the Declaratory Judgment Act, Sec. 2201, Title 28 U.S.C., may be appropriate. It did not enlarge the jurisdiction of the courts over subject matter or parties (Borchard, Declaratory Judgments, Second Edition, p. 233; Aralac, Inc. v. Hat Corporation of America, 166 F.2d 286, 291, C.A.3) or grant to a court jurisdiction which did not otherwise exist. Davis v. American Foundry Equipment Co., 94 F.2d 441, 443, 115 A.L.R. 1486, C.A.7; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194.

In this case the defendant Olsen was not in position to bring an action against the plaintiff in the federal courts. If he had manufactured the patented article and become an infringer he could have brought a declaratory judgment action against the patentee to have the rights of the parties determined. Similarly, the plaintiff would have had an action for infringement. "Prior to the passage of the Federal Declaratory Judgment Act the patentee was the only one in a position to initiate a suit against the alleged infringer or his dealers." Aralac, Inc. v. Hat Corporation of America, 166 F.2d 286, 291, C.A.3; Grip Nut Co. v. Sharp, 124 F.2d 814, 815, C.A.7; Davis v. American Foundry Equipment Co., 94 F.2d 441, C.A.7.

■■ The purpose of the Act was an "intent to avoid delay and accrual of damages against one uncertain of his rights and to promote an early adjudication of the controversy between the parties without waiting until one of them should see fit to begin suit for coercive relief after damages had accrued." Davis v. American Foundry Equipment Co., above cited, 94 F.2d at p. 442; Edelman and Co. v. Triple-A Specialty Co., 88 F.2d 852, 854, C.A.7, cert. denied, 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884; Milwaukee Gas Specialty Co. v. Mercoid Corporation, 104 F.2d 589, 591, 592, C.A. 7. Mr. Olsen could have no right of action in federal court against Muskegon for damages by virtue of his application for a patent until a patent was issued to him and no damages would accrue to him prior to the issuance of a patent. Gayler v. Wilder, 10 How. 477, 51 U.S. 477, 492, 13 L.Ed. 504.

It follows that if the defendant Olsen does not have a potential claim against Muskegon, the plaintiff here as a potential defendant, upon which he can sue in the federal court, no controversy under the patent laws exists, upon which Muskegon can bring an action for declaratory judgment in the federal court. Muskegon cannot confer jurisdiction on the court by a declaratory judgment action, if it did not otherwise exist.

It was said in Gully v. Interstate Natural Gas Co., 82 F.2d 145, 149, C.A.5, cert. denied, 298 U.S. 688, 56 S.Ct. 958, 80 L.Ed. 1407, "When, then, an actual controversy exists, of which, if coercive relief could be granted in it *the federal courts would have jurisdiction,* they may take jurisdiction under this statute, of the controversy to grant relief of declaration, either before or after the stage of relief by coercion has been reached." (Emphasis added.)

We conclude that the cause of action set forth in the complaint did not arise under the patent laws of the United States and that the District Court was therefore without jurisdiction to hear and determine the issues presented.

Judgment affirmed.

O'SULLIVAN, Circuit Judge (dissenting).

The question is whether plaintiff's complaint (its allegations taken as true for the purpose of the motion to dismiss) discloses an actual controversy within the meaning of the Declaratory Judgment Act, § 2201, Title 28, U.S.C.A., and a civil cause of action arising under the Patent Laws of the United States, § 1338(a), Title 28, U.S.C.A. I think it does.

The District Judge found that the complaint stated a cause of action and that it alleged a justiciable controversy. The complaint was dismissed, however, because its admitted cause of action and statement of actual justiciable controversy was held not to arise under the Patent Laws of the United States.

The core of the complaint is, as I read it, that defendant charges that plaintiff's patent is invalid. Defendant Olsen says he was the inventor of the disclosure of plaintiff's patent. Such a charge is equivalent to a claim of invalidity. If defendant was the inventor and the original patentee was not, plaintiff's patent is invalid. Section 102(f), Title 35 U.S.C.A., provides that a person will not be entitled to a patent if "he did not himself invent the subject matter sought to be patented." No stronger charge of invalidity of a patent could be made than to assert that the applicant therefor was not the inventor.

"The patent law makes it essential to the validity of a patent, that it shall be granted on the application * * * of the original and first inventor * * *. A patent which is not supported by the oath of *the inventor,* but applied for by one who is not the inventor, is unauthorized by law, *and void* * * *." Kennedy v. Hazelton, 128 U.S. 667, 9 S. Ct. 202, 32 L.Ed. 576, 578.

The position taken by the defendant and that expressed in the opinion of the District Judge is that defendant may assert that he is the true inventor of the patented device without challenging the

validity of the patent in question. That position is not tenable.

"It is essential to the *validity* of a patent that it be issued upon the application of the one who is the original inventor." Cummings v. Moore, 202 F.2d 145, 147 (C.A.10, 1953).

Respectfully, I submit that the position taken by defendant has led my brothers here to say, " * * * there is no claim that the patent is invalid for lack of invention." Whatever is intended by such observation, the conduct of defendant and his assertion that he, not the applicant for the patent, was the true inventor, clearly charges invalidity of the patent.

Much reliance is placed on American Well Works v. Layne, 241 U.S. 257, 259, 36 S.Ct. 585, 60 L.Ed. 987. Aside from the fact that such case is not factually or procedurally identical with the one at bar, we point out that it was decided (1916) prior to the Declaratory Judgment Act (1934). That Act, as construed, has been liberally employed to obtain federal court adjudications of the questions presented in the American Well Works case.

"Prior to the passage of the Federal Declaratory Judgment Act the patentee was the only one in a position to initiate a suit against the alleged infringer or his dealers. An alleged infringer could not sue the patentee for a declaration that the plaintiff was not infringing or that the patent was invalid. Today the alleged infringer, once he is threatened by a patentee, has a remedy by a complaint for a declaratory judgment. Now the controversy between the parties as to whether infringement exists is in either instance essentially one arising under the Patent Laws." Aralac Inc. v. Hat Corporation of America, 3 Cir., 166 F. 2d 286, 291, 292, and cases cited.

In Grip Nut Co. v. Sharp, 124 F.2d 814, 815 (C.A.7, 1941), the 7th Circuit said:

"Now, ' * * * the controversy between the parties as to whether a *patent is valid*, and whether infringement exists is in *either instance* essentially one arising under the patent laws of the United States.' "

If one threatened with a charge of infringement may, by employment of the Declaratory Judgment Act, test the validity of a patent, I see no reason why the owner of a patent which is charged with invalidity should not make equal use of such remedy. See Talbot v. Quaker State Oil Refining Co., 104 F.2d 967, 968 (C.A.3, 1939).

The thrust of plaintiff's complaint, admittedly disclosing a justiciable controversy, is to have resolved the question of the validity of the patent. The complaint avers that it relies on Section 102, Title 35 U.S.C.A. (Patent Statute) for its invoking the remedy provided by the Declaratory Judgment Act. Its prayer for relief asks, in substance, that the conflicting claims as to the validity of its patent be resolved. Defendant's motion admits that he claims that he invented the disclosure of plaintiff's patent (thereby charging invalidity); that he is disparaging plaintiff's patent and that he is threatening plaintiff's customers with liability in large amounts if they continue using *rings* embodying plaintiff's patent, and he threatens to sue plaintiff at common law. He asserts, however, that the matter is not ripe for decision because defendants are not manufacturing any piston rings now, and "do not contemplate doing so *until the patent issue is resolved.*" It is my opinion that plaintiff's complaint discloses a justiciable controversy in which "the patent issue" can be resolved and that the cause of action arises out of the Patent Laws.

My brothers' opinion in this case sets forth one of the purposes of the Declaratory Judgment Act in quoting

from Davis v. American Foundry Equipment Co., 94 F.2d 441 (C.A.7, 1938), which says that the purpose of the Act was the "intent to avoid delay and accrual of damages against one uncertain of his rights and to promote an early adjudication of the controversy between the parties without waiting until one of them should see fit to begin suit for coercive relief after damages had accrued."

In my opinion, the plaintiff is put in jeopardy whether it is exposed to suit for damages in the State Courts or in the Federal Courts. That Muskegon has been placed in jeopardy by the claims of Olsen is shown by the fact that Olsen has already commenced action for damages in the State Court of Muskegon County, claiming damages against Muskegon for appropriating the invention disclosed to Muskegon's assignor. I recognize that until a patent for his claimed invention is obtained, Olsen could not bring an action for infringement. However, Olsen claims that Muskegon is using his invention in breach of a confidential disclosure allegedly made by Olsen to Muskegon's assignor. It has been held that, under such circumstances, Olsen could bring an action for damages for breach of confidential disclosure and in such action make Muskegon liable for profits and damages resulting from such use of the invention, not under the patent statutes, but upon the principle that equity will not permit one to unjustly enrich himself at the expense of another. Hoeltke v. C. M. Kemp Mfg. Co., 80 F.2d 912, 922–923 (C.A.4, 1936).

Any damages which Muskegon may become liable to pay to Olsen for a breach of confidential disclosure will continue to accrue with the passage of time. Thus, delay in adjudicating the validity of Muskegon's patent will cause the threat to Muskegon to become greater rather than to diminish it. It is to avoid such consequences that the Declaratory Judgment Act permits a speedy determination of the rights of the parties. Because of the increased jeopardy in which Muskegon will be placed if the dispute here is not quickly resolved, Muskegon is entitled to employ the declaratory judgment remedy.

I would reverse the order granting defendant's motion to dismiss.