**GOODRICH–GULF CHEMICALS, INC.,**
Plaintiff,

v.

**PHILLIPS PETROLEUM COMPANY,**
Defendant.

Civ. A. No. C65–211.

United States District Court
N. D. Ohio, E. D.

Sept. 14, 1965.

Harold K. Bell, E. D. McCurdy, Spieth, Bell, Jerome Taylor, Louis J. Weisz, McCurdy & Newell, Cleveland, Ohio, Edgar H. Kent, R. W. Furlong, Boston, Mass., for plaintiff.

Robert W. Poore, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

Plaintiff has brought this action for a declaratory judgment and seeks a declaration that defendant's patent is "invalid and void." Defendant has moved to dismiss the complaint. Both parties have requested an oral hearing on the motion to dismiss, and these requests will be overruled.

The complaint alleges that in 1964 the United States Patent Office declared Interference No. 94,426 between a patent application, Serial No. 503,027, owned by plaintiff; Smith and Zelinski patent application Serial No. 578,166, owned by defendant; and a patent application owned by a third party. It is alleged that the interference notice declared claims 17 and 19, inter alia, of the Smith and Zelinski application to be "unpatentable over the issue of the interference in the event of an award of priority adverse to Smith and Zelinski." Thereafter Smith and Zelinski were ordered to show cause why judgment should not be rendered against them; in response thereto they filed a motion to dissolve the interference.

The complaint further alleges that a second patent application, Serial No. 425,-349, in the names of Smith and Zelinski was subsequently filed, which was "stated to be a division of" their original application. This divisional application contained the "same claims 17 and 19 previously declared in Interference 94,-426 to be unpatentable over the issue of the interference."

It is further alleged that (1) defendant caused Smith and Zelinski application

Serial No. 578,166, the original application, to be amended "by canceling, inter alia, claims 17 and 19 from that application to permit those claims to issue in the divisional application," and that (2) defendant "caused the Patent Office to enter said amendment, all without notice to plaintiff or to the opposing parties in * * * [the interference proceeding] and contrary to the provisions of Patent Office Rules of Practice 247 and 212."

The complaint then alleges that the defendant subsequently obtained an allowance from the Patent Office of Smith and Zelinski application Serial No. 425,349 in order to issue it as United States Patent No. 3,178,402 on April 13, 1965, containing said claims 17 and 19, all without notice to plaintiff or to the opposing parties in Interference 94,426 and without a determination of priority in Interference 94,426.

Paragraph 9 of the complaint states that in consequence of the above cited facts "an actual controversy exists between the parties as to priority in respect of the subject matter claimed" in the two Smith and Zelinski applications and U. S. patent 3,178,402 and "as to the validity of said patent."

Paragraph 10 of the complaint states that plaintiff is "endeavoring to grant licenses with respect to the invention of" its patent application Serial No. 503,027, and that the "issuance and existence of U. S. patent 3,178,402 owned by defendant casts a cloud upon plaintiff's licensing rights, to plaintiff's damage."

█ Before passage of the Declaratory Judgment Act competitors of a patentee were at a disadvantage. Without bringing suit the patentee could publicly charge a competitor with infringement and threaten to sue him or ·anyone dealing with the accused product. This naturally injured the competitor's business but he could not sue unless the patentee's charges came within the proscriptions of the unfair competition laws; however, the remedy afforded in unfair competition was often inadequate. The Declaratory Judgment Act now affords the accused infringer an opportunity to obtain a declaration as to the invalidity or infringement of the patent in question. See Treemond Co. v. Schering Corp., 122 F.2d 702 (3rd Cir. 1941); 6 Moore's Federal Practice, 2nd Ed., pp. 3116–117.

The Declaratory Judgment Act gives the court jurisdiction only in "a case of actual controversy." (28 U.S.C.A. § 2201.) In E. W. Bliss Co. v. Cold Metal Process Co., 102 F.2d 105, 108 (6th Cir. 1939), the Court stated:

"In Aetna Life Insurance Co. [of Hartford, Conn.] v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, the Supreme Court recently restated the principles governing determination of the existence of a controversy in the constitutional sense, and the cases are there fully reviewed. The Declaratory Judgment Act is operative only in respect to such controversy, which must be one that is appropriate for judicial determination, distinguishable from a dispute of hypothetical or abstract character. It must be definite and concrete, touching the legal relations of parties having adverse legal interests and admitting of specific relief through a decree of a conclusive character as distinguished from an opinion advising what the law would be on a hypothetical state of facts, even though adjudication may not require the award of process, the payment of damages or the granting of an injunction."

█ In declaratory judgment actions involving patents there cannot be a justiciable controversy unless the defendant-patentee has charged the plaintiff with infringement; however, the "charge of infringement" has been given a liberal interpretation, e. g., threatened suits against the customers of plaintiff and notices to trade journals have been sufficient. See Treemond, supra; Dewey & Almy Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3rd Cir. 1943), cert. den. 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed.

454 (1943); Tuthill v. Wilsey, 182 F.2d 1006 (7th Cir. 1950); 6 Moore's Federal Practice, 2nd Ed., pp. 3119–120, and authorities cited therein. See also Massa v. Jiffy Products Co., 240 F.2d 702 (9th Cir. 1957), cert. den. 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856 (1957); and Borchard, Declaratory Judgments, 2nd Ed. 1941, p. 807. Professor Borchard states (page 807) the policy reasons for requiring a charge of infringement:

"Justiciability, however, is hardly possible before the alleged infringer or his customers or dealers have been notified of the patentee's claim, however informal the method of notification or charge. The question has arisen whether such claim or notice or charge should be required, and whether it ought not to be possible, as in certain foreign countries, for a manufacturer, definitely contemplating making and selling a certain article, to bring an action against the owner of a possible conflicting patent for a declaration that his contemplated article does not infringe. An early adjudication of such an issue might prevent much economic waste and useless expenditure of money. The patentee himself, desiring to enjoin an infringement, need give no advance notice that his patent even exists. And yet, it seems best to limit declaratory relief for the infringer to cases in which an adversary claim has been made against him, though it may, it is believed, apply to an article not yet manufactured but only about to be manufactured. This requirement, present in practically all the adjudicated cases, refutes the fear that patentees might be harassed by prospective infringers and be obliged continually to defend their patents. The fact that a patentee's claim of infringement is a condition precedent of this type of action places the matter of adjudication of the patent within the control of the patentee, for, if he wishes to avoid adjudication, he can refrain from making charges of infringement. But having made the charge, he then exposes himself to adjudication. In other words, the mere existence of the patent is not a cloud on title, enabling any apprehensive manufacturer to remove it by suit. It requires an assertion of right under the patent to place the alleged infringer in gear to join issue and challenge the title."

■ In the instant case plaintiff has not alleged any action taken by defendant subsequent to issuance of its patent, thus there is no allegation that defendant has made a charge of infringement.

Concerning defendant's alleged actions prior to issuance of the patent it must be noted that Bliss, supra, affirmed a ruling which struck from the complaint for declaratory judgment certain allegations that the patents owned by defendant were invalid " 'because of fraud and deception in the securing of said patents.' " (102 F.2d page 110.)

Plaintiff cites Muskegon Piston Ring Company v. Olsen, 307 F.2d 85 (6th Cir. 1962), cert. den. 371 U.S. 952, 83 S.Ct. 508, 9 L.Ed.2d 500 (1963), in which the majority opinion affirmed the lower court's decision dismissing the complaint for declaratory judgment concerning a patent. Muskegon does not furnish authority in favor of plaintiff's position.

The allegations concerning Interference No. 94,426 and defendant's activities in connection therewith do not show that a justiciable controversy exists between plaintiff and defendant; therefore the motion to dismiss will be sustained.