UNIVERSAL TIME PUNCH, INC.,
Plaintiff,

v.

CONSOLIDATED DATAMETRICS COR-
PORATION and SCM Corporation,
Defendants.

No. 66 Civ. 1137.

United States District Court
S. D. New York.

Jan. 16, 1967.

Tanner & Friedman, New York City, for plaintiff, Arthur S. Friedman, Michael J. Golden, New York City, of counsel.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant, Consolidated Datametrics Corp., Stephen Rackow Kaye, Neil G. Epstein, New York City, of counsel.

BONSAL, District Judge.

## MEMORANDUM

In this diversity action, plaintiff Universal Time Punch, Inc. (Universal) moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the second counterclaim of defendant Consolidated Datametrics Corp. (CDC) on the ground that there is no justiciable controversy with respect to the validity of Universal's patent.

Universal instituted this action against CDC and SCM Corporation (SCM) for breach of patent licensing and sales agreements between the parties and for breach by CDC of a sales agency agreement. In the "second coun-

terclaim" of its Answer, CDC seeks a declaratory judgment that Universal's patent No. 3,084,013 is invalid and unenforceable. The patent was issued on April 2, 1963 to Brett, covering an invention embodied in Universal's "Time Punch," was assigned to Universal by assignment recorded on October 28, 1963, and was the subject of the patent licensing and sales agreements alleged to have been breached by the defendants. In support of its motion for summary judgment, Universal contends that CDC's second counterclaim must be dismissed since Universal has made no claim of patent infringement by CDC and therefore there is no justiciable controversy with respect to the validity of the patent.

In the License Agreement between Universal and CDC dated December 31, 1963, Universal represented that it was the sole and exclusive owner of all rights under the patent and granted to CDC an exclusive world-wide license to manufacture, use, sell and lease the Time Punch Machine under the patent. Paragraph 8 of the Agreement provided:

> "Nothing herein shall be construed as an admission by CDC as to the validity and/or scope of any of the patents licensed hereunder, and CDC is free to contest in any proceeding the validity and/or scope thereof at any time after termination of this Agreement."

In its answer, CDC alleges that the License Agreement has been terminated.

Universal relies on cases holding that absent a claim of infringement, an action for a declaratory judgment as to the validity of a patent must be dismissed for lack of a justiciable controversy. See, e. g., Dr. Beck & Co. v. General Electric Co., 317 F.2d 538 (2d Cir. 1963); Hartford Nat'l Bank & Trust Co. v. Henry L. Crowley & Co., 219 F.2d 568 (3d Cir. 1955); Goodrich-Gulf Chemicals, Inc. v. Phillips Petroleum Co., 247 F.Supp. 158 (N.D.Ohio 1965); Thermo-Plastics Corp. v. International Pulverizing Corp., 42 F.Supp. 408 (D.N.J.1941).

However, pleadings seeking declaratory judgments as to the invalidity of patents have been sustained where infringement has not been charged directly or asserted in any particular manner. E. g., Bancroft & Sons Co. v. Spunize Co., 268 F.2d 522 (2d Cir. 1959); Simmonds Aerocessories Ltd. v. Elastic Stop Nut Corp., 257 F.2d 485 (3d Cir. 1958); Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 200 F.2d 876 (2d Cir. 1952); Treemond Co. v. Schering Corp., 122 F.2d 702 (3d Cir. 1941); Rhodes Pharmacal Co. v. Dolcin Corp., 91 F. Supp. 87 (S.D.N.Y.1950); see Dewey & Almy Chemical Co. v. American Anode, 137 F.2d 68 (3d Cir.), cert. denied, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454 (1943); Alfred Hofmann Inc. v. Knitting Machines Corp., 123 F.2d 458 (3d Cir. 1941); see also Smith-Corona Marchant Inc. v. American Photocopy Equip. Co., 214 F.Supp. 348, 350 (S.D.N.Y. 1962).

In determining whether a justiciable controversy exists under the Declaratory Judgment Act, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). Here CDC challenges the validity of Universal's patent by way of defense and apart from its second counterclaim, alleging that it was "wrongfully induced" to enter into the license and sales agreements by Universal's "misrepresentations" as to the validity of the patent. Moreover, there appears to be no dispute that CDC has on hand a number of Time Punch Machines which embody the invention covered by the patent. In disposing of these machines, the risk that CDC or its customers will be liable to Universal will depend on the validity of the patent.

Accordingly, at least at this early stage of the proceedings, there appears to be "a substantial controversy, between parties having adverse legal interests, of suffi-

cient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, supra. See *American Optical Co. v. New Jersey Optical Co.*, 50 F.Supp. 806 (D.Mass.1943).

Universal's motion for summary judgment dismissing CDC's second counterclaim is denied.

It is so ordered.