Mary Estill Buchanan Secretary of State Corporation Division Department of State 1575 Sherman St., 2d Floor Denver, Colorado 80203
Dear Mrs. Buchanan:
This opinion is in response to your memorandum of April 27, 1981 (by Don Thompson), in which you inquired as to whether under C.R.S. 1973, 7-71-101(2), two corporations which are jointly doing business can file with your office a "Certificate of Assumed or Trade Name" for the same trade name.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents this question:
1. Under C.R.S. 1973, 7-71-101(2), can two corporations which are jointly doing business file a trade name affidavit with the secretary of state for the same trade name.
 My conclusion is "yes," with qualifications. If the two corporations are involved in a joint venture or a partnership, it is my opinion they may jointly file a trade name affidavit, but only for that joint business enterprise. If such a trade name is filed, C.R.S. 1973, 7-71-101(3) requires that said trade name be such as to distinguish the joint venture or partnership from corporate and assumed names already in use by domestic or foreign corporations authorized to do business in this state.
ANALYSIS
The language of the trade name statute, C.R.S. 1973, 7-71-101et seq., does not appear to contemplate the question presented. In fact, the statute is completely vague on this issue. After analyzing each relevant section of the statute and looking at its intent however, I must conclude that the statute would allow a joint filing for a single trade name by two corporations who are jointly doing business, but that trade name may extend only to their joint business enterprise.
Subsection 7-71-101(2) is the general directive which requires corporations carrying on business under an assumed or trade name to file a certificate with your office registering that name. That subsection reads:
 (2) Any corporation existing under the laws of this state may transact all or a portion of its business under an assumed name upon filing in the offices of the secretary of state and in the office of clerk and recorder of each county in which it transacts or proposes to transact business under the assumed name a certificate regarding each assumed name setting forth the following:
 (a) The corporate name and location of the principal office of the corporation;
 (b) The name other than the corporate name under which the business is carried on;
 (c) A brief description of the kind of business transacted under the assumed name;
 (d) A certificate of assumed or trade name by a corporation shall be signed by the president or a vice-president and the secretary or an assistant secretary and acknowledged by one of the officers signing the certificate.
Reading the above subsection fairly, a corporation which conducts all "or a portion of" its business under any assumed name isrequired to file a certificate regarding each assumed name with the secretary of state. The language clearly implies that a corporation may conduct business under an assumed name only if it files such a trade name certificate. See section7-71-102.
Corporations are clearly authorized by statute to enter into joint ventures or partnerships with other corporations. C.R.S. 1973, 7-3-101(r). It would therefore follow that whatever "portion of" a corporation's business is conducted jointly (in a joint venture or partnership) could not be conducted under an assumed name without first filing a trade name certificate with the secretary of state's office. Thus if joint filings by all members of the joint venture or partnership are not allowed, two or more corporations doing business as a joint venture or partnership cannot operate their joint business enterprise under an assumed name without breaking the law.
It is my opinion that such an interpretation of 7-71-101(2), the result of which would be that two or more corporations doing business as a joint venture or partnership cannot legally transact business under an assumed name, is too restrictive. First, not allowing joint filings with the secretary of state appears to conflict with subsection 7-71-101(1), which sanctions such joint filings with the clerk and recorder of the county of residence in which the business or trade is carried on. This subsection provides:
 (1) Any person trading or doing any business in this state under the name of "Manager", "Trustee", "Agent", or in any other representative name; any person using as part of the business name the words " Co." or " Company" or using merely one initial letter as part of the business name; and any person, partnership, or association of persons doing business or carrying on any trade in this state under any other name than the personal name of its constituent members shall file for record with the clerk and recorder of the county of the residence in which the business or trade is carried on an affidavit setting forth the full first names and surnames and addresses of all the parties who are so represented. . . . The provisions of this subsection (1) shall not apply to corporations doing business only under their true corporate names as shown by their articles of incorporation on file in the office of the secretary of state.
(Emphasis added.)
Upon initial reading of this provision, it is questionable whether the language "person, partnership, or association of persons doing business or carrying on any trade in the state" in the first sentence should be read to include corporations doing business as a "person, partnership, or association." However, since the subsection specifically excludes corporations doing business under their true corporate names, it is only logical to read the remainder of the subsection as including corporations doing business under an assumed name. Otherwise, if corporations are excluded in the first place, why bother to specifically exclude only those doing business under their true corporate names.
I must conclude therefore that "partnerships" or "associations" of corporations which carry on business under an assumed trade name must file an affidavit with the county of residence of their business. If, then, subsection 2 is read to exclude a joint trade name filing with the secretary of state, the statute is internally inconsistent. To avoid this inconsistency, subsection 2 should be read to allow a joint filing with the secretary of state by two or more corporations who are jointly doing business for that portion of each corporation's business which is conducted jointly with the other, unless some other provision of the statute prohibits that joint filing.
This brings us to section 7-71-101(3) which provides:
 (3) Any assumed name used by any such corporation shall contain one of the words "corporation", "incorporated", or "limited", or one of the abbreviations "Corp.", "Inc.", or "Ltd." and shall be such as to distinguish it from the names of other domestic or foreign corporations authorized to do business in this state and from the assumed names already in use by domestic or foreign corporations.
(Emphasis added.)
This section provides that no assumed or trade name shall be used by any corporation which is not distinguishable "from the names of other domestic or foreign corporations authorized to do business in this state and from the assumed names already in use by domestic or foreign corporations." Thus, this subsection clearly prohibits use of a trade name which is already in use, either as a corporate name or as a trade name for another corporation. This is the so-called "one corporation/one trade name" rule. However, it does not prohibit the creation of anew trade name which is distinguishable from all others in use, upon a joint filing by both corporations.
Clearly, it can be argued that if two corporations who are each conducting a portion of their business jointly with the other have the same trade name, neither shall have a trade name which is distinguishable from the name of the other corporation. Based upon the few judicial constructions of the trade name statute, however, I believe the "one corporation/one trade name" rule contemplates a situation where different corporations are conducting different business enterprises. I do not think it applies where two corporations are doing thesame business jointly.
The entire trade name statute has been infrequently construed. However, in a recent case, MacPhail v. Stevens,41 Colo. App. 99, 586 P.2d 1339 (1978), the court of appeals stated that "such registration (of a trade name) is intended only to afford the public a means of ascertaining the identities of persons or entities doing business under an assumed name. . . ." While the issue in that case was whether the registration of a trade name provided the protection of a trade mark, which is not the issue here, this is the only recent judicial interpretation of the intent of the trade name statute. See also Smith v. Stubbs, 17 Colo. App. 130, 63 P. 955
(1901). Cf., Driverless Car Company v.Glesser-Thornberry Driverless Car Company, 83 Colo. 262,264 P. 653 (1928).
If the intent of the trade name registration is to put the public on notice as to with whom they are doing business, that intent would not be served by not allowing joint registration by two corporations who are carrying on a joint business enterprise. Therefore, it seems that the interpretation of subsection 3 which best honors the purpose of public notice would be to require corporations who are jointly doing business to jointly file a trade name certificate for that joint business venture. In this way, the public will have notice as to with whom it is doing business when that joint venture or partnership is involved, and the remainder of each corporation's business will be conducted under a name which is distinct from that trade name and from the corporate or trade names of other corporations.
Section 7-71-101(4) presents the final threat to a joint filing. That section provides:
 (4) Any corporation doing business under an assumed name shall be liable in connection therewith to the same extent and in the same manner as if that business were transacted under its true corporate name. The corporation may be sued in connection therewith either under its true name or its assumed name.
In Colorado, if two or more corporations form a joint venture, each will be jointly and severally liable. In the case ofSinger Housing Company v. Seven LakesVenture, 466 F. Supp. 369 (D. Colo. 1979), the U.S. District Court has held a joint venture organized for real estate development to such a standard:
 The substantive law of partnership is applicable to joint ventures. Bushman Construction Company v. Conner, 307 F.2d 88 (10th Cir. 1962); Taylor v. Brindley, 164 F.2d 235 (10th Cir. 1947). The act of one partner binds the partnership. C.R.S. 1973, 7-60-109(1). Once the partnership is bound, each individual partner is jointly and severally liable for all debts and obligations incurred by the partnership. C.R.S. 1973, 7-60-115(1)(b). Kruse v. Bank of Frontier Valley, 28 Colo. App. 364, 473 P.2d 171 (1970).
Singer Housing Co. v. Seven Lakes Venture,466 F. Supp. 369 (D. Colo. 1979).
Therefore, if a corporation joins with another to do business, each corporation would be jointly and severally liable regardless of what name they use. Obviously, the same liability would result when a joint venture does business under an assumed name. Borrowing again from the law of partnership and applying subsection 7-71-101(4), each partner or joint venturer "may be sued in connection therewith under its true name or its assumed name," and serving process on one of the joint ventures would bring all joint venturers before the court. Thus, when a corporation has formed a joint venture or a partnership and has registered its assumed name with the secretary of state, no problems are created under subsection 4, either as to the liability of each corporation or as to service of process.
Finally, it is worthwhile to note that the secretary of state obviously cannot prevent or prohibit corporations from forming joint ventures or partnerships. The secretary could only prohibit joint filing of an assumed name under section 7-71-101(2) in the secretary of state's office, even though, as discussed above, such joint filing may be done in the county of residence of the corporate joint venture or partnership under section 7-71-101(1). Clearly the policy of public notice would not be served by such a discrepancy between statewide and countywide filing requirements. Clearly the policy of public notice would be better served by a central filing in the secretary of state's office.
Since I find nothing in this statute that prohibits a joint filing, and since the trade name statute does not directly address this issue, I must conclude that the intent of the statute is best served by permitting a joint filing. However, I continue to add the caveat that the assumed or trade name which is jointly registered should be valid only to that portion of each corporation's business which it is conducting jointly with its partners or joint venturers. C.R.S. 1973, 7-71-101(2).
SUMMARY
In summary, it is my opinion that two corporations which are jointly doing business in a joint venture or partnership may jointly file "A Certificate of Assumed or Trade Name" with the secretary of state for that portion of each corporation's business which it is conducting jointly with the other joint venturers or partners.
Very truly yours,
 J.D. MacFARLANE Attorney General
CORPORATIONS TRADEMARKS AND TRADE NAMES PARTNERSHIPS
C.R.S. 1973, 7-71-101
SECRETARY OF STATE DEPT. Corporation, Div. of
Two corporations which are jointly doing business in a joint venture or partnership may jointly file a "Certificate of Assumed or Trade Name" with the secretary of state for that portion of each corporation's business which it is conducting jointly with the other joint venturers or partners.